MARGARET MARTIN, appellant,

*v.*

BRIDGET A. LAMB, respondent.

A bill was filed for specific performance of an agreement to sell land. Afterwards an action was brought to recover the deposit-money, which action was enjoined. Afterwards the specific-performance suit was discontinued and the injunction of the action was dissolved. After this, the action at law was discontinued and a new action commenced against the devisees of one of the original defendants.—*Held*, that in the absence of any promise or fraudulent conduct chargeable to the defendants, by which the delay was caused, a plea of the statute of limitations in the last action would not be enjoined.

On appeal from a decree of the chancellor, whose opinion is reported in *Lamb* v. *Ryan, 13 Stew. Eq. 67*.

*Mr. R. V. Lindabury,* for appellant.

*Mr. W. C. Spencer* and *Mr. G. Collins,* for respondent.

The opinion of the court was delivered by

REED, J.

The bill in the present case was filed by the respondent, Bridget A. Lamb, to enjoin the appellant, Margaret Martin, from pleading the statute of limitations to an action at law in which the said Lamb is plaintiff and the said Martin is defendant.

The bill proceeds to disclose the facts upon which the complainant relies for the intervention of a court of equity with the action at law, to the following effect:   It states that in 1874 William Kelly and John Ryan, executors of one Keighry, deceased, sold at auction real estate, to be clear of all encumbrances except a $600 mortgage; that complainant became the purchaser for $3,900, and paid $390, ten per cent. of the purchase-money, in accordance with the conditions of sale; that she tendered the balance at the time and place mentioned in the conditions, and

was informed by one of the executors that they could not give her a clear deed, as there was an unpaid assessment upon the property, and that the widow of Keighry had not released her dower-interest in the same; that in 1875 she filed a bill to compel specific performance of the agreement, to which bill the executors filed an answer; that the defendants caused an interlocutory decree to be made, a reference and report and confirmation of the same to be obtained, which order was subsequently set aside as having been improvidently granted; that nothing was further done in this suit, and that she commenced an action at law to recover the $390 paid, which action was enjoined in April, 1879, upon a petition filed by the executors; that in 1883 the injunction was dissolved, in 1884 the bill in the specific performance suit was dismissed and that thereafter the action at law against the two executors was discontinued and the present action against the devisees of a dead executor commenced.

It is against the filing of a plea of the statute of limitations in the last action that the injunction is prayed. The bill also sets out that the injunction of the prosecutors of the former action was for the purpose of hindering the collection of the $390, and was not for the purpose of enabling the executors to perform the decree obtained by them.

Also, that by the sale of the land under foreclosure of the $600 mortgage, the power to perform is now lost. Also, in excuse of the abandonment of the previous action at law, that the estate of Keighry was insolvent, and the surviving executor was irresponsible at the time of the injunction of the prosecution of that action. These are all the statements in the bill which are material, and I think that they do not present a case in which equitable interference with the anticipated defence at law is warrantable. The lapse of time from the date when the cause of action accrued has not arisen from any fraudulent artifice of the defendants or their father. The suit for specific performance was instituted by the complainant here, and it was her business to push it to a conclusion.

That defendants caused the decree to be entered is no answer, for if it was improvidently entered she had the right to have it

Martin v. Lamb.

vacated, as she subsequently did, and have another made, or to ascertain that none could be made, and terminate the suit.

Besides, it appears that an action at law was commenced against the executors in 1878. On the dismissal of the suit for specific performance this action was still pending, and to it no plea of the statute of limitations could have been successfully interposed.

The injunction against the prosecution of this action had been dissolved in 1883. The plaintiff discontinued this action because, as she states, the estate of Keighry was insolvent, and the surviving executor irresponsible. She then commenced the present action against the devisees of the deceased executor. But she states in her bill that the insolvency of the estate and the irresponsibility of Kelly existed at the time the prosecution was enjoined in 1879.

She then had time to dismiss the suit for specific performance, and also her former action, and to bring her present action within the six years. But if this had not been so, I do not think it would change the aspect of the case.

It would still present a not unusual instance where time has run against a claim by reason of a former action having been misconceived; or, where it has failed in its object on account of a change in the condition of defendants during its pendency, or by reason of a non-suit, because of a failure to prove some material thing at the trial. In the present case, the position in which the complainant stands, as shown in her bill, is the result of no fault of the court of chancery, nor was it caused by any promise or fraudulent conduct on the part of the defendants. The decree should be reversed, and should be for the demurrant.

For affirmance—Dixon, Clement—2.

For reversal—The Chief-Justice, Depue, Knapp, Reed, Scudder, Van Syckel, Brown, Cole, Paterson, Whitaker—10.